IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

ANTHONY ANTONIO CARTER					PLAINTIFF

VS.					CIVIL ACTION NO. 2:12-CV-13-KS-MTP

ERIN BOUNDS, *et al.*					DEFENDANTS

## REPORT AND RECOMMENDATION

THIS MATTER is before the court on the Plaintiff's Motion for Temporary Restraining Order [49]. Having considered the motion and the response thereto, the undersigned recommends that Plaintiff's Motion [49] be DENIED.

ANALYSIS

A party requesting a temporary restraining order or preliminary injunction must demonstrate each of the following: 1) a substantial likelihood of success on the merits; 2) a substantial threat that failure to grant the injunction will result in irreparable injury; 3) the threatened injury must outweigh any damage that the injunction will cause to the adverse party; and 4) the injunction must not have an adverse effect on the public interest. *Women's Med. Ctr. of Northwest Houston v. Bell,* 248 F.3d 411, 419 n.15 (5th Cir. 2001). Furthermore, "[a] claim for declaratory and injunctive relief based on conditions of confinement is rendered moot upon the prisoner's release or transfer from the facility." *Smith v. City of Tupelo*, 281 Fed. App'x 279 (5th Circ. 2008) (citing *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001)); *Stern v. Hinds County, Miss.*, 436 Fed. App'x 381, 382 (5th Cir. 2011).

In his Motion [49], Plaintiff asks the court to issue an order directing him to be transferred from the Wilkinson County Correctional Facility ("WCCF") to the East Mississippi Correctional Facility in Meridian due to what he claims are deplorable conditions and the lack of

proper mental medical care at WCCF.

In opposition to the motion, Defendants state that they are employees of the Mississippi Department of Corrections stationed at the South Mississippi Correctional Institution ("SMCI") in Leakesville, Mississippi and are not employed by WCCF, a private prison facility operated by Corrections Corporation of America ("CCA"). Moreover, Plaintiff's motion has no relevance to the allegations in Plaintiff's complaint.

Plaintiff has failed to show a substantial likelihood of success on the merits. As stated by Defendants, they are not employed by WCCF, and WCCF is operated by CCA and not the MDOC. Moreover, Plaintiff's allegations in the motion are directed at WCCF and/or its employees, who are not named Defendants in this action. This action, as summarized in the court's Omnibus Order [36], includes claims arising at SMCI. Accordingly, the motion should be denied.

## RECOMMENDATION

For the reasons stated above, it is the recommendation of the undersigned that Plaintiff's Motion for Temporary Restraining Order [49] be DENIED.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within ten days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this court with instructions. The parties are hereby notified that failure to file written objections to the proposed

findings, conclusions, and recommendations contained within this report and recommendation within ten days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected.  *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

      SO ORDERED this the 7th day of February, 2013.

                                        s/ Michael T. Parker
                                        United States Magistrate Judge